U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 21 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| BILLY STEWART AND SHARON GILBERT | CIVIL ACTION 13-904 |
| VERSUS | JUDGE HAIK |
| CAPITAL SAFETY USA | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion for Intra-District Transfer (Doc. #12). This matter involves the death of Zachary "Ty" Stewart, which occurred on an oil/gas derrick in Caddo Parish, Louisiana on May 10, 2012. The plaintiffs have asserted claims for the wrongful death of their son, as well as his survival action, with recoverable expenses. Suit was filed in the Western District of Louisiana, Lafayette Division.

Although filing suit in Lafayette is procedurally proper under the venue rules, as the death occurred within the Western District of Louisiana, Capital Safety requests a transfer to the Shreveport Division pursuant to 28 U.S.C. section 1404(a). Capital Safety argues the convenience of the parties and witnesses, and the interest of justice, are better served in an area which is geographically closer to the location of the accident. Defendant further argues there is no relevant connection to Lafayette.

The plaintiffs argue their choice of venue is entitled to deference, and a transfer would not be more convenient.

For the following reasons, the Motion for Intra-District Transfer is **GRANTED:**

Intra-district transfers are proper when a venue other than that which was chosen would be more convenient for the parties/witnesses and the interest of justice is served. The Supreme Court analyzed a series of factors, known as the "*Gilbert* factors" to determine whether a movant has met the "clearly more convenient" burden. The Fifth Circuit Court of Appeals has adopted these factors. They are as follows:

1. The relative ease of access to sources of proof;
2. The availability of compulsory process to secure attendance of witnesses;
3. The cost of attendance for willing witnesses;
4. The other practical problems that make trial of a case easy, expeditious, and inexpensive;
5. The administrative difficulties flowing from court congestion;
6. The local interest in having localized interests decided at home;
7. The familiarity of the forum with the law that will govern the case; and
8. The avoidance of unnecessary problems of conflict of laws of the application of foreign law.

The factors are to be analyzed as a whole and should be weighted accordingly. The burden of proof is a heavy one in that the plaintiff's choice of venue is entitled to deference. A plaintiff has the right to choose the venue and may only be ousted from that choice if the defendant can show that a transfer is "clearly more convenient", a tough burden.

### 1. THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

The defendant has offered little evidence with respect to documents or other non-witness related evidence regarding this factor. Instead, the defendant has focused heavily on the location of the witnesses and their proximity to both Shreveport and Lafayette. It is clear the listed witnesses are located geographically closer to Shreveport. Although the distances vary, Shreveport is significantly closer for all witnesses. The Fifth Circuit has amplified the focus on distance when the venues at issue are more than 100 miles apart. The Court stated in *In Re Volkswagon AG (Volkswagon I)*, 371 F.3d. 201 (5th Circuit, 2004), "When the distance between

an existing venue for trial of a matter and a proposed venue under section 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." In this case, the Lafayette and Shreveport divisions are more than 200 miles apart. The convenience of Shreveport to the listed witnesses is substantial.

Plaintiff argues virtually all of the witnesses and documentary evidence about the "design, manufacture, and distribution of Capital's failed safety harness" is located at the defendant's corporate headquarters in Minnesota. Taking this statement as true, the documents and evidence specified are located approximately 1,000 miles away from both Lafayette and Shreveport. Consequently, this aspect of the factor falls in favor of no one. Overall, the first factor falls in favor of transfer.

## 2. THE AVAILABILITY OF COMPULSORY PROCESS TO SECURE ATTENDANCE OF WITNESSES

According to the witness evidence provided, all likely witnesses will be within the subpoena power of either the Lafayette or the Shreveport courts. Consequently, this factor is neutral.

## 3. THE COST OF ATTENDANCE FOR WILLING WITNESSES

Given the distance of the listed witnesses to Shreveport, as opposed to Lafayette, this factor falls in favor of transfer. The plaintiff points out that some witnesses will be coming from Minnesota and another is in Ohio. With respect to those parties, this factor is neutral, as the travel to Shreveport, as opposed to Lafayette, from those locations is inconsequential. As to the other witnesses, Shreveport is significantly closer and more convenient. As such, transfer is warranted overall under this factor.

## 4. ALL OTHER PRACTICAL PROBLEMS THAT MAKE TRIAL OF A CASE

### EASY, EXPEDITIOUS, AND INEXPENSIVE

Although the defendant did not set out the factors as clearly as it could have in its Memorandum, overall, the arguments offered in the writings weigh in favor of transfer under this factor. The location of the witnesses and the accident in proximity to Shreveport, as compared to Lafayette, would make this case easier, more expeditious, and less expensive in the Shreveport division. Any time a Court can try a matter in a venue that, for example, requires less travel for the individuals involved, fewer hotel stays, fewer meals in restaurants, and/or is geographically closer to the scene of the incident at issue, the case will move faster, easier, and with less expense.

### 5. THE ADMINISTRATIVE DIFFICULTIES FLOWING FROM COURT CONGESTION

This factor is neutral in that neither the Lafayette nor the Shreveport divisions are experiencing problems with abnormal court congestion at this time. Although this trial is currently calendared in Lafayette, the undersigned is confident the newly assigned Judge will cooperate with the parties to keep this case on a comparable trial track.

### 6. THE LOCAL INTEREST IN HAVING LOCALIZED INTERESTS DECIDED AT HOME

In both *Volkswagon I* and *In Re Volkswagon of America (Volkswagon II)*, 545 F.3d. 304 (5th Circuit, 2008), the Fifth Circuit found in favor of transfer under this factor when, among other things, the accident took place in the transferee division; the witnesses live and are employed in the transferee division; the police, paramedics and first responders live and work in the transferee division; and the plaintiffs themselves live in the transferee division. Although the *Volkswagon* cases and the instant case may be distinguishable on some grounds, the underlying

rationale of this factor applies. Shreveport, lying in Caddo Parish, has more of an interest in this matter under the circumstances. There is little to no relationship with Lafayette apart from it being the location of plaintiffs' counsel.

7. **FAMILIARITY OF THE FORUM WITH THE LAW THAT WILL GOVERN THE CASE**

Both the Lafayette and Shreveport divisions stand on equal footing with respect to this factor. As such, it is neutral.

8. **THE AVOIDANCE OF UNNECESSARY PROBLEMS OF CONFLICTS OF LAW OR IN THE APPLICATION OF FOREIGN LAW**

This factor is also neutral as it applies to this case.

Taking the *Gilbert* factors as a whole and giving them the weight they deserve, it is clear to this Court that the defendant has carried the burden of proving Shreveport as a clearly more convenient venue for this case. The Motion for Intra-District Transfer is **GRANTED** and this matter is hereby **TRANSFERRED TO THE SHREVEPORT DIVISION.**

**THUS DONE and SIGNED** on this _21st_ day of FEBRUARY, 2014.

_____
RICHARD T. HAIK, SR., District Judge

COPY SENT
DATE 2/21/14
BY ___
TO RTH
     DDD
     PJH