UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BILLY STEWART AND SHARON GILBERT | CIVIL ACTION NO. 13-0904 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CAPITAL SAFETY USA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Capital Safety USA's ("Capital Safety") Daubert Motion to Exclude Opinion Testimony of Stephen A. Killingsworth, P.E. ("Killingsworth"). See Record Document 61. Capital filed the motion pursuant to Federal Rule of Evidence 702, arguing that Killingsworth's opinions are unreliable because they are untested and unsupported personal opinions and therefore do not support the required elements of Plaintiffs' claims. Id. Plaintiffs, Billy Stewart and Sharon Gilbert, filed an opposition to this motion. See Record Document 71. For the reasons set forth below, Capital's motion is **GRANTED**.

**I.    BACKGROUND**

The instant matter is a products liability case under the Louisiana Products Liability Act ("LPLA"). Plaintiffs contend that Ty Stewart ("Stewart") was employed as a derrickman by Savanna Energy Services. Record Document 1, ¶ 5. Capital Safety designed, manufactured, tested, distributed, sold, promoted and issued directions, warnings and other labeling for a fall protection body and harness and self retracting lifeline. Id. at ¶ 7. On May 10, 2012, Stewart was working in Savanna 648's derrick and was wearing a Capital Safety body harness, with self retracting lifeline. Id. at ¶ 9. At approximately 9:30 p.m., Stewart suffered an accident resulting in fatal blunt force injuries to Stewart. He was

pronounced dead on May 10, 2012 at 10:35 p.m. Id.

Plaintiffs argue that Stewart's death was caused by the legal fault, negligence, carelessness, and omission of duty on the part of Capital Safety, without any legal fault, negligence, carelessness or omission of duty on the part of Stewart. Id. at ¶ 10. Plaintiffs have proffered Killingsworth as an expert to establish that no Savanna Energy crew member, including Stewart, was aware of the claimed separation defect of the wire rope lifeline in the subject DBI-SALA sealed SRL (self-retracting lanyard). See Record Document 61-18. Capital Safety now moves to exclude the aforementioned opinion testimony offered by Killingsworth pursuant to Federal Rule of Evidence 702. See Record Document 61.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S.Ct. 2786, 2799 (1993). The Daubert court provided an illustrative list of factors that courts may use when evaluating the reliability of expert testimony. See id. at 592-594, 113 S.Ct. at 2796-2797. These factors include whether the expert's theory or technique can be or has been tested, whether it has been subjected to peer review, whether it has a known or potential rate of error or standards controlling its operation, and whether it is generally accepted in the relevant scientific community. See id. at 593-594, 113 S.Ct. at 2796-2797. "In short, expert testimony is admissible only if it is both relevant and reliable." Pipitone v. Biomatrix, Inc., 288 F.3d 239, 244 (5th Cir.2002). Thus, the Daubert factors should be applied with flexibility and the question of whether an expert's testimony is reliable is ultimately a fact-specific inquiry. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 138, 119 S.Ct. 1167, 1170 (1999); Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir.2004).

### III. ANALYSIS

First, Capital Safety argues that Killingsworth's opinion on the cause of Stewart's accident must be excluded because it is not reliable or relevant. See Record Document 61. Second, Capital argues that Killingsworth's opinion that the SRL was defectively designed must be excluded because it is not reliable or relevant. Id. Third, Capital argues that Killingsworth's opinion that Capital failed to provide adequate warnings must be excluded because it is not relevant. Id. Finally, Capital argues that Killingsworth's opinion that Capital should have provided alternative anchoring systems must be excluded because it is not relevant. Id.

### A. Causation Opinions

Capital summarizes Killingsworth's opinion on causation as "Stewart's accident was caused because Stewart accidentally slipped and fell off of the monkey board, and as he fell the SRL cable came into contact with the top drive, which had already passed below Stewart, and was severed on impact." Record Document 61-1.

Mr. Killingsworth has failed to satisfy the standard set forth by Daubert. There is no reliability or testability of his theories, and he offers bald opinions that have zero supporting evidence. Plaintiffs argue that "it was not necessary, nor advisable for Mr. Killingsworth to test the wire line (rope) of the subject lanyard to determine at what loads it would fail as Mr. Killingsworth had the specifications of such wire line (rope) from Capital Safety from which such information could be determined." Record Document 71. This Court disagrees with that position, and believes that Killingsworth's unsupported theories on causation fail to satisfy the Daubert standard as embodied in FRE 702.

### B. Defective Design

Capital next argues that Killingsworth's defective design opinion should also be excluded, as he is unable to recommend what size or what composition rope or line should have been used. Killingsworth offers the opinion that the SRL, which was equipped with 85 feet of 3/16 inch galvanized wire rope, was "defectively designed." Record Document 61-18, p. 9. When questioned as to what size rope would have been suitable in place of the 3/16" rope, Killingsworth was unable to provide an answer. Record Document 61-17, p. 184-187. Again, Killingsworth has offered an unsupported, unreliable opinion. Other than arriving at his opinion, no methodology, testing or even a reference to national standards or codes were researched or used.

Killingsworth has failed to provide any data or methodology to explain why an

exposed 3/16" wire rope lifeline is "more prone to fail", as stated in his deposition. This Court is particularly concerned with Killingsworth's abject failure to do any testing to evaluate how much force was generated in Stewart's fall, or how much force would be applied to the SRL cable if it became entangled in the top drive. Id. at 137:12-17.

### C. Failure to Provide Adequate Warnings

Killingsworth additionally opines that Capital failed to provide adequate warnings. His argument is based on the assertion that Capital should have warned users of the dangerous conditions posed by the use of the 3/16" wire rope lifelines. Record Document 61-18, p. 9. Capital provides evidence that a specific warning is included in the User Instruction Manual, which states "Use caution when using this equipment around moving machinery, electrical hazards, chemical hazards, and sharp edges." Record Document 61-15, p. 9. This Court is particularly troubled by Killingsworth's failure to explain why the warning to avoid contact with "moving machinery" is inadequate. The Court notes his failure to offer any alternative warning language that he suggests would be adequate under the circumstances.

### D. Alternative Anchoring Systems

Finally, Killingsworth offers the opinion that Capital should have provided the end user with guarding options for the SRL lifelines and alternative anchoring systems. Record Document 61-18, at 9-10. This opinion is equally problematic because of Killingsworth's failure to provide any specifics in light of the guarding options available or alternative anchoring systems that apply in this specific application.

### E. Daubert Standard

This Court notes that this is not the first time that Killingsworth's ability to testify has been called into question. The Fifth Circuit stated in regards to Killingsworth's testimony in another case, "[w]ithout some basis to establish that one of his theories is the most likely cause of the failure on this occasion, his testimony amounts to speculation and is of no assistance to the jury." Brown v. Parker-Hannifin Corp, 919 F. 2d 308, 312 (5th Cir. 1990). This Court finds striking similarities between the unsupported opinion testimony Killingsworth is trying to offer in this case and prior cases where he has not been permitted to testify. His unsupported opinions here rival his speculations in Brown, supra. This Court finds that his opinions are not helpful to the jury. See the additional case where his testimony was also excluded under FRE 702 and Daubert, Tassin v. Sears, Roebuck & Co., 946 F. Supp. 1241, 1248 (M.D. La. 1996).

The standard set forth in Daubert under FRE 702 provides four requirements in order for expert testimony to be permitted:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

After reviewing Killingsworth's deposition and report, the Court has major concerns about his ability to satisfy any of these requirements. Killingsworth makes wide-ranging, blanket statements throughout the report and deposition, without any data or methodology to back up the statements. In addition, his theories on product defects and accident causation lack

the reliability and testability that is required under Daubert.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have not met their burden of establishing the admissibility of Killingsworth's opinions. The instant motion filed pursuant to Rule 702 is, therefore, **GRANTED** and Killingsworth's opinions are excluded.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE