UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BILLY STEWART AND                    CIVIL ACTION NO. 13-0904
SHARON GILBERT

VERSUS                               JUDGE S. MAURICE HICKS, JR.

CAPITAL SAFETY USA                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Billy Stewart and Sharon Gilbert's ("Plaintiffs") Motion for Daubert Hearing Regarding the Testimony of Capital Safety's Expert, Gregg S. Perkins, P.E. See Record Document 63. Plaintiffs filed the motion pursuant to Federal Rule of Evidence 104, arguing that Perkins' proposed testimony does not satisfy the standards for admissibility set forth in Daubert. Id. Defendant Capital Safety USA ("Capital Safety") filed an opposition to this motion. See Record Document 67. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

**I.    BACKGROUND**

The instant matter is a products liability case under the Louisiana Products Liability Act ("LPLA"). Plaintiffs contend that Ty Stewart ("Stewart") was employed as a derrickman by Savanna Energy Services. Record Document 1, ¶ 5. Capital Safety designed, manufactured, tested, distributed, sold, promoted and issued directions, warnings and other labeling for a fall protection body and harness and self retracting lifeline. Id. at ¶ 7. On May 10, 2012, Stewart was working in Savanna 648's derrick and was wearing a Capital Safety body harness, with self retracting lifeline. Id. at ¶ 9. At approximately 9:30 p.m.,

Stewart suffered an accident resulting in fatal injuries. Id. Stewart suffered fatal blunt force injuries and he was pronounced dead on May 10, 2012 at 10:35 p.m. Id.

Plaintiffs argue that Stewart's death was caused by the legal fault, negligence, carelessness, and omission of duty on the part of Capital Safety, without any legal fault, negligence, carelessness or omission of duty on the part of Stewart. Id. at ¶ 10. Defendants have proffered Gregg S. Perkins, P.E. ("Perkins") as an expert to establish that Stewart violated Savanna policy, practice and procedure. See Record Document 63-2. Plaintiffs now move to exclude the aforementioned opinion testimony offered by Perkins pursuant to Federal Rule of Evidence 104 and Daubert. Id.

## II. Legal Standard

It is not entirely clear what action Plaintiffs are seeking with this motion. They cite Federal Rule of Evidence 104 as the basis for their motion. Under FRE 104(a), "[T]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." There is also a provision under FRE 104(c) that requires the court to conduct a hearing on the preliminary question if "(1) the hearing involves the admissibility of a confession; (2) a defendant in a criminal case is a witness and so requests; or (3) justice so requires." Based on this Court's reading of FRE 104, and the motion, it appears that Plaintiffs are asking for a Daubert hearing to exclude the testimony of Capital's expert, Perkins.

## III. Analysis

Plaintiffs have offered the argument that Perkins "suggests that Ty Stewart violated

Savanna policy, practice, and procedure." Record Document 63-2. The Plaintiffs' position is that there is "no evidence whatsoever that Ty Stewart's tragic's [sic] accident was the result of a safety rules violation." Id. While Plaintiffs have provided the deposition transcripts of a number of individuals, the argument and analysis within their motion are minimal at best. While a hearing may be held by this Court to determine whether an expert may testify under Daubert, in this instance the Plaintiffs have failed to make a sufficient showing that such a Daubert hearing is necessary. Additionally, Plaintiffs have not provided enough information for this Court to determine Perkins' opinions are admissible under Daubert.

An *in limine* hearing will obviously not be required whenever a Daubert objection is raised to a proffer of expert evidence. The Fifth Circuit has held that "The district court is free to hold a Daubert hearing if, in its discretion, it concludes that one is necessary." LeBlanc v. Chevron USA, Inc., 2008 WL 1805448 (5th Cir. 2008). Plaintiffs have not only failed to show that a hearing is necessary, but also failed to present any competent evidence pursuant to FRE 702 to exclude the expert testimony of Perkins.

**IV. Conclusion**

For the reasons stated above, the Court finds that Defendants have not met their burden of establishing the need for a Daubert hearing. The instant motion filed pursuant to FRE 104 is, therefore, **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE