**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BILLY STEWART AND                                    CIVIL ACTION NO. 13-0904
SHARON GILBERT

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

CAPITAL SAFETY USA, ET AL.                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Capital Safety USA's ("Capital Safety") Motion for
Summary Judgment.  See Record Document 62.  Plaintiffs, Billy Stewart and Sharon
Gilbert, filed an opposition to the motion.  See Record Document 70.  For the reasons set
forth below, Capital's motion is **GRANTED**.

## I.    BACKGROUND

The instant matter is a products liability case under the Louisiana Products Liability
Act ("LPLA").  Plaintiffs contend that Ty Stewart ("Stewart") was employed as a derrickman
by Savanna Energy Services.  See Record Document 1, ¶ 5.  Capital Safety designed,
manufactured, tested, distributed, sold, promoted and issued directions, warnings and other
labeling for a fall protection body harness and self retracting lifeline (SRL).  See id. at ¶ 7.
On May 10, 2012, Stewart was working in Savanna 648's derrick and was wearing a
Capital Safety body harness with SRL.  See id. at ¶ 9.  At approximately 9:30 p.m., Stewart
suffered an accident resulting in fatal blunt force injuries.  He was pronounced dead on May
10, 2012 at 10:35 p.m.  See id.

Plaintiffs argue that Stewart's death was caused by the legal fault, negligence,
carelessness, and omission of duty on the part of Capital Safety, without any legal fault,

negligence, carelessness or omission of duty on the part of Stewart.  See id. at ¶ 10.

Capital Safety argues that Plaintiffs have failed to support multiple essential elements of

their product liability claims including:  (1) Plaintiffs have failed to present any evidence

upon which a jury could find that an alleged "unreasonably dangerous" SRL was the most

probable cause of the accident; (2) Plaintiffs have presented no evidence on which a jury

could find that Stewart's accident was caused by a "reasonably anticipated use" of the SRL;

(3) Plaintiffs have produced no evidence on which a jury could find the SRL was defectively

designed, that an alternative design existed that would have prevented Stewart's accident,

or that the risk avoided by such an alternative design outweighs the burden of adopting the

designs; and (4) Plaintiffs have produced no evidence of an alternative warning or that such

warning would have prevented the accident.

Capital Safety filed a Daubert Motion to Exclude the Expert Testimony of Stephen

Killingsworth ("Killingsworth").  See Record Document 61.  The Court granted such motion

on March 18, 2016.  See Record Document 81.  As a result, all of Killingsworth's expert

testimony has been excluded.

## II.    LEGAL STANDARD

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment.  A party may
move for summary judgment, identifying each claim or defense--or the part
of each claim or defense--on which summary judgment is sought. The court
shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a
matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv.

<u>Corp.</u>, 628 F.3d 725, 728 (5th Cir.2010).[1]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir. 2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."  <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir. 2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  <u>See</u> <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment.  <u>Ramsey v. Henderson</u>, 286 F.3d 264, 269 (5th Cir. 2002).

## III.   ANALYSIS

Plaintiffs have raised their claims under the LPLA, specifically La R.S. 9:2800.56 and 9:2800.57.  In order for a product to be unreasonably dangerous under the LPLA, it must either: (a) be defective in construction, (b) be defective in design, (c) have an inadequate warning, or (d) fail to conform to an express warranty.  <u>See</u> La. R.S. 9: 2800.54. Plaintiffs argue that the SRL in question was unreasonably dangerous because it was: (1) defective

---

[1]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

in design (Section 2800.56) and (2) had an inadequate warning (Section 2800.57).  In order to prevail under any theory of the LPLA, Plaintiffs must prove their damages (1) were proximately caused by the characteristic of the product that renders it unreasonably dangerous, and (2) arose from a "reasonably anticipated use of the product." <u>Broussard v. Procter and Gamble</u>, 463 F.Supp.2d 596, 604 (W.D. La. 2006), <u>citing</u>  La. R.S. 9:2800.54(A).  Capital Safety further argues that in order to prevail on their LPLA claims, Plaintiffs must prove that the characteristic of the product that renders it unreasonably dangerous must have existed at the time it left the manufacturer's control or resulted from a reasonably anticipated modification.  <u>See</u> <u>Pickett v. RTS Helicopter</u>, 128 F. 3d 925 (5th Cir. 1997).

The testimony of Killingsworth, Plaintiffs' expert, has been excluded by this Court. Such exclusion raises an issue as to Plaintiffs' ability to establish proximate causation. Capital Safety argues that "to establish proximate cause, [Plaintiffs] must prove not only cause-in-fact, but also that the product defect was 'the most probable cause' of the injury." <u>See</u> <u>Jackson v. Samedan Oil Corp.</u>, No. A. 98-0472, 2000 WL 343361, at *3 (E.D. La. March 31, 2009).   Plaintiffs must be able to establish that the failure of the SRL to prevent Stewart's fall was proximately caused by the defective design of the SRL.  Plaintiffs rely on Killingsworth's conclusion that the SRL was severed upon coming into contact with the top drive because the SRL was defective.  Yet, because Killingsworth's expert opinion was excluded, Plaintiffs' argument as to causation is now unsupported.

Plaintiffs appear to rely on a number of different pieces of "evidence" in support of their causation position.  <u>See</u> Record Document 70.  They cite standards published by the Canadian Standards Association, along with a report published by the Germany Institute

for Occupation Safety and Health in support of their argument that an alternative design exists.  Second, they appear to be assert that Capital Safety's manufacturing of another type of SRL necessarily means there was an alternative design available.  Plaintiffs also point to an article published in "Industrial Safety News" and authored by Capital Safety's Australia/NZ technical manager, Rich Millar ("Millar").  Plaintiffs contend this article establishes that the alternative design fall protection devise was capable of preventing Stewart's death.  See Record Document 70-10.

None of this "evidence" raises a genuine dispute of material fact with regards to the proximate causation that is required under the LPLA.  The fact that Capital Safety manufactures other types of SRL devices does not establish the requisite proximate causation.  The report and standards from Canada and Germany provide no evidence of proximate causation.  Finally, it is unclear to this Court when the "Industrial Safety News" article was published and the context of Miller's quote in such article.  Moreover, Miller's quote, standing alone, is insufficient to establish the requisite causation for an LPLA claim.

With regard to the failure to warn claim, Plaintiffs also rely on the expert testimony of Killingsworth.  Again, Killingworth's testimony has been excluded under Daubert.  Without the expert testimony of Killingsworth, Plaintiffs are unable to raise any genuine dispute of material fact in relation to the requisite elements of a failure to warn under the LPLA.

Plaintiffs have come forward with no competent summary judgment evidence to raise a genuine dispute of material fact as to proximate causation, as required for any claim made under the LPLA.  Thus, Capital Safety is entitled to summary judgment in its favor.

IV.      **CONCLUSION**

For the reasons stated above, the Court finds that Plaintiffs have not met their burden of raising a genuine dispute of material facts as to their LPLA claims.  Capital Safety's Motion for Summary Judgment (Record Document 62) is, therefore, **GRANTED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of August, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE